**STAUDE v. BENDIX PRODUCTS CORPORATION et al.**

**No. 570.**

District Court, N. D. Indiana,
South Bend Division.

March 16, 1939.

902

Harold Olsen, of Chicago, Ill., and Hammerschmidt & Johnson, of South Bend, Ind., for plaintiff.

Louis Prevost Whitaker, of New York City, and Jerome Cox and Seebirt, Oare & Deahl, all of South Bend, Ind., for defendants.

SLICK, District Judge.

Plaintiff is a citizen of Minnesota and brings this suit for infringement against the defendants, both corporations having places of business within this jurisdiction.

The reissue patent No. 15906 on which this suit is brought was granted to the plaintiff August 26, 1924, and is a reissue of original patent No. 1,470,701, granted October 16, 1923, upon an application filed November 10, 1915.

The patent in suit had many claims, but only one is relied on in this suit. This is claim 2 of the reissue patent and is identical with claim 2 in the original patent. Plaintiff's complaint charges that defendants have contributed to the infringement of claim 2 by manufacturing and selling certain parts or mechanisms described in the patent. It is stipulated that defendants made and furnished to the Buick Motor Company a control valve, a selector valve, power piston and cylinder with knowledge that these parts were to be combined by the Buick Company to produce an operative automatic clutch control mechanism. Defendants admit making these parts, but defend on the following grounds, to-wit:

1. That the patent in suit never went into commercial use and is therefore a paper patent.

2. That claim 2 is invalid by reason of anticipation.

3. That claim 2 is invalid because of ambiguity.

4. That the reissue patent is void because it was granted improvidently.

5. That defendants' construction does not infringe.

6. That the alleged invention set forth in the claim is impracticable and commercially inoperative.

We will note only the 1st, 4th and 5th defenses—first, that the patent in suit is a paper patent. The evidence in this case discloses that the plaintiff patentee never put any mechanism on the market made upon the lines of this patent. Plaintiff testified at the trial that he made a device and attached it to a Cadillac automobile. He did not produce the device and his excuse for not doing so was that when he sold the Cadillac to which the device was attached, he did not cause it to be removed. This is the only evidence that the device was ever used commercially.

I am of the opinion that under the authority of Standard Oil Co. v. Globe Oil & Refining Company, 7 Cir., 82 F.2d 488, cited in the opinion of this court in the case of Christensen v. Bragg-Kliesrath Corporation, D.C., 19 F.Supp. 496, that this patent never having gone into commercial use and never having exerted any influence on the art, is a paper patent and for that reason is to be strictly construed. This is important for the reason that if it is to receive a strict construction, it does not read upon claim 2 of the patent in suit, which reads as follows: "In combination

with a control lever, a clutch rod, a hydraulically operated means for moving said rod and by disengaging the clutch, a controlling valve for said means set in a neutral position by the initial movement of said control lever and moved to a point to render said hydraulically operated means active through subsequent adjustment of said control lever."

The operation of the patent as described by the patentee is to provide means for automatically disengaging the clutch of an automobile. We have then, as defined in claim 2, a device consisting of first, a lever, second, a clutch rod, third, hydraulic means to disengage the clutch, fourth, a controlling valve.

■■ It is admitted that defendants have a device in which the means of disengaging the clutch is air. A hydraulic clutch is not a clutch controlled by air. Hydraulics would indicate a liquid, an inelastic material, whereas air is an elastic material. Plaintiff contends that under the doctrine of equivalency he is entitled to have his patent construed broadly enough to include the elastic material used by defendants, but this is not true under the strict construction to which a paper patent is subjected.

■ Further, plaintiff in his application in the Patent Office contended that the operation of a hydraulic mechanism was very different from the operation of compressed air. He distinguished from the prior art on the ground that his application showed a hydraulic apparatus and throughout the specifications in his application for a patent he demonstrated that his apparatus was one with an inelastic fluid, meaning, of course, a liquid. He even went so far as to cancel the word "hydraulic" in his specifications and substitute therefore "an inelastic fluid." By differentiating his patent from the prior art on the ground that he proposed to use an inelastic fluid, that his patent called for a valve operated by hydraulics, he barred himself from claiming the privilege of substituting air or steam or gas for water or oil.

■ If I am right in holding that the patent in suit, to-wit, claim 2, is a paper patent and entitled to be only strictly construed, then I see no escape from the proposition that this patent being thus strictly construed is not infringed by defendants' accused device for the reason that defendants do not use a hydraulic mechanism.

Defendants' other contention to be noticed in this opinion is that the reissue patent, having been improvidently granted because it did not comply with the United States statutes and rules of practice of the Patent Office, is void in toto, is vigorously contested by plaintiff, who argues that this is not the law where a claim in the original patent is brought forward in the reissue patent; plaintiff's contention being that even though the reissue was improvidently granted, the claim must be upheld for the reason that it was one of the claims in the original patent.

■ The courts seem to have differed somewhat on the question and, after giving considerable attention to the authorities, I am forced to the conclusion that the true rule is that in a reissue patent properly and legally granted, claims brought forward from the original patent are enforced although some of the claims of the reissue may be cut down, but that where the reissue is improvidently and illegally granted or where it is tainted with fraud, it is void ab initio, and a claim even though brought forward from the original patent goes out with the reissue. General Electric Co. v. Richmond Street & I. Railway Co., 7 Cir., 178 F. 84; Christensen v. Bragg-Kleisrath, 19 F.Supp. 496.

However, it is not necessary to a decision in this case to hold that claim 2 of the reissue patent is ineffective for the reason that the reissue was improvidently granted and therefore void because of the finding above made to the effect that defendants have not infringed upon claim 2 of the patent.

There being no infringement, the case should be dismissed at plaintiff's costs.