## STAUDE v. BENDIX PRODUCTS CORPORATION et al.
### No. 6997.

Circuit Court of Appeals, Seventh Circuit.
March 4, 1940.

Rehearing Denied April 4, 1940.

Harold Olsen, of Chicago, Ill., and L. M. Hammerschmidt, of South Bend, Ind., for appellant.

Louis Prevost Whitaker, of New York City, and Eli F. Seebirt, Montgomery W. McConkey, Jerome R. Cox, and Seebirt, Oare & Deahl, all of South Bend, Ind., for appellees.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

EVANS, Circuit Judge.    Plaintiff invented what he calls an "Improvement in Automatic Brake Control for Power-Propelled Vehicles." He obtained a patent covering 43 claims, only one of which, the second, is here involved. It reads:

"2. In combination with a control lever, a clutch rod, a hydraulically operated means for moving said rod and disengaging the clutch, a controlling valve for said means set in a neutral position by the initial movement of said control lever and moved to a point to render said hydraulically operated means active through subsequent adjustment of said control lever."

In his specifications he describes the object of his patent, as well as the means he chose to attain his end.

To overcome the necessity of an operator of an automobile throwing out the clutch and setting the brake, and avoiding time waste, he says he provided means for automatically disengaging the clutch. He states he also dispensed with the manual operation of the brake mechanism and avoided the application of the brake until the clutch was released. Also he says he had as his object to provide an inelastic fluid brake with such connection that it can not be applied without first closing the engine throttle, the same being easily controlled and equipped to develop any desired power for stopping the vehicle. He still further expresses his reliance upon a fluid brake by saying:

"It is extremely sensitive in action and easily controlled and *being mounted in the transmission casing* uses the oil therein * * * does not add materially to the bulk of the transmission, and eliminates the annoyance of leakage due to exposed packed joints."

The District Court briefly and squarely met the issue of infringement by saying [26 F.Supp. 901, 903]:

"If I am right in holding that the patent in suit, to-wit, claim 2, is a paper patent and entitled to be only strictly construed, then I see no escape from the proposition that this patent being thus strictly construed is not infringed by defendants' accused device for the reason that defendants do not use a hydraulic mechanism."

It found as a finding of fact, upon evidence which was undisputed, that "in defendants' device the power is supplied by atmospheric pressure operating against a vacuum from the manifold of the engine."

Plaintiff admits that the defendants' mechanism uses *pneumatically* instead of *hydraulically* operated means. He argues, however, that his invention is a pioneer one, entitled to a broad construction, and to a liberal range of equivalents as to elements. He also points out that the District Court reached its conclusion as to mechanical equivalents on the assumption that the patent is a paper patent and therefore to be strictly construed.

While we accept appellant's major premise, namely, that the patent is not narrow, and it should not be strictly construed, and that if, or although, a paper patent, it may be worthy of liberal construction, nevertheless, we are convinced that the range of equivalents should not include appellees' structure which uses pneumatically operated means.

Considering the date of the invention and the field wherein it operated and the period which elapsed before the automobile industry accepted an automatic clutch control or automatic brake control, we are inclined to accept the plaintiff's appraisal of his own invention, namely, that its status was such as to entitle it to a liberal construction both as to scope and range of equivalents.

We need not repeat what was said by this court respecting attacks on paper patents as such, in Coltman v. Colgate-Palmolive-Peet Co., 7 Cir., 104 F.2d 508. The profession is fully aware of the proper status of a paper patent. It may or may not establish or tend to establish absence of utility, exercise of inventive genius, or extent of advance in a given art. The facts in each case must determine its status, not the derisive or the over-appreciative expressions chosen by its infringers or its owners to describe it.

We are convinced that in the instant case the claim is restricted to hydraulically operated means and is not infringed by pneumatically operated means.

The specifications indicate all too clearly that an essential part of the invention lay in the use of available oil. The specifications and the claim itself show that it was not merely the use of means, but the use of hydraulic means, to-wit, available oil, which the inventor stressed. Not only did he describe his means as "hydraulically operated," but he further emphasized this adjective phrase by calling attention to the fact that his hydraulic means were inelastic, thereby distinguishing his means from pneumatically operated means.

We are convinced that plaintiff's claim 2 not only was limited by the words of the claim to hydraulic means, but it was an essential part of his invention that the means be the oil in the transmission casing and that it was inelastic as distinguished from air or pneumatic means which would be elastic.

The decree is affirmed.